W. W. MOORE ET AL. *v.* LUCIEN MCDOWELL ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—823.]

**Validity of Town Election.**

> Where an election is provided for in a town to determine whether a proposed new charter shall be adopted and it is provided that on the first Monday in August, 1880, a vote is to be taken upon the question, and that "The clerk of the election shall * * * open a separate poll for the taking of such votes," and the election was

held under this act by the town clerk and not by the clerk of the regular county and district election, there being a fair expression of the popular will, such election was not void.

## APPEAL FROM BOURBON CIRCUIT COURT.

May 25, 1882.

OPINION BY JUDGE PRYOR:

There is only one question necessary to be considered in this case. In the creation of a new charter for the town of Flemingsburg (Acts 1879, Ch. 1318) the 38th section provided that "the provisions of this act shall not take effect until at the next regular election in said town and district under state laws. On the first Monday in August, 1880, a vote shall be taken upon the question whether or not this charter shall be adopted. The clerk of the election shall on that day open a separate poll for the taking of such votes, and on this question all the legally qualified voters residing within the corporate limits of said town shall have the right to vote," etc. The election was held under this act by the town clerk and not by the clerk of the regular county and district election, and the court below for that reason held the election void. In construing the section of the charter before us it is proper to consider not only the subject matter of the entire law in order to arrive at the legislative intent, but the charter for which the act in question was intended as a substitute.

If a majority of the voters were polled against the new charter the old one remained in full force. The charter then in existence by an amendment passed in 1867 required the town elections to be held in August at the same time fixed for the acceptance or refutation of the new charter. At such elections the officers of the town were elected, and a reasonable and fair construction of the section is that the words "at the next regular election in said town and district under state laws" was intended only to designate the time of taking this vote. Although the legislature had by the charter provided that the present trustees shall hold their offices until the election took place under the new charter, still here was the corporation with its officers and clerk authorized to hold an election under the old charter, and the direction that the clerk of the election should on that day open a separate poll for the taking of such votes had reference clearly to the clerk

of the town and not the clerk holding the election for the county and district offices. At such an election if held by the clerk of the county election at least two-thirds of the voters would be ineligible. The voters possessed different qualifications, and in passing the act the attention of the legislature was evidently directed to the terms of the old charter and the authority given the officers of the town under it to hold the election, and if not, there is no pretense that there was not an expression of the popular will; and we are not prepared to say that if the authority was not found in the new charter the election could be held void. The judgment is *reversed* and cause remanded for proceedings consistent with this opinion.

*J. & J. W. Rodman, M. M. Teagar, W. J. Hendricks, Jas. W. Anderson, for appellants.*

*Andrews & Sudduth, J. P. Harbison, Wm. Lindsay, A. Duvall, for appellees.*